Curia, per

O’Neall, J.
There is no doubt that in. England a judgment by default, in debt is commonly final, and upon such a judgment there the plaintiff may, in general, proceed to tax his costs and to take out execution ; 1 Tidd’s Prac. 568. But in this State, I think, the same consequences do not follow. The Act of 1791, 7 Stat. 263, provides that “the plaintiff shall, on the return of such writ, proceed to file his declaration, during the sitting of the court next after the writ is returnable, or at any time after, until the next succeeding court, and shall take judgment by default against the defendant in said suit, unless an appearance has been regularly entered by the defendant’s attorney with the clerk of the court, during the sitting of the said court’’
From this provision, as a matter of law, the plaintiff may file his declaration during the court to which the writ is returned, and at any_ time afterwards until the next court. On filing his declaration at the term to which the writ is returnable, he could not have judgment during that term. For the defendant is entitled to the last moment of it to enter his appearance. When the term is past, and no appearance, and a default is thus ascertained, there is no court, actually or constructively, which can render the judgment. It hence follows, that although the defarrlt, as is said in Craig vs. Alston, 1 Con. Rep. (by Mill) 123, is final, yet the judgment which it authorizes cannot be entered up, because it cannot be judicially ascertained until the succeeding term. But when the declaration is filed in vacation, there can be less doubt. Then, no court is in session, and the Clerk merely orders, in his book of rules, the case for judgment by default. When the case is called on the Enquiry Dockett, the plaintiff moves that he may have leave to enter final judgment, without reference to the clerk or the execution of a writ of enquiry, and this is granted by the judge’s entry on the docket. “Judgment final.”
Every judgment must be entitled of some term. 2 *274 Tidd’s; Pr. 931, et seq. And if, by law, no judgment can be rendered at the return term of the writ, it would seem to follow, that the judgment cannot be entered until after the succeeding term.
The party’s right to imparl during the whole of the return term, and the impossibility of ascertaining that no appearance has been .entered until its close, would shew, conclusively, that the defendant did not, at that term, incur the judgment by default. Having then, however, failed to do the act necessary to let him into a defence, he is liable to judgment without proof, reference to the clerk, or execution of a writ of enquiry, in actions of debt, at the succeeding term.
This view of the law accords, too, better with the general practice in this State. In most of the districts, the judgment by default has been held to merely authorize the rendition of a final judgment at the term succeeding the filing of the declaration. I see it is stated in' Mr. Bellen-ger’s written argument, that in Barnwell, on searching the records of eighty-four terms, not a single instance has been found of a final judgment in debt entered in the vacation, after the return term of the writ, for want of appearance. The same will .be found, I think, in most of the Circuit Courts. There can be no reason why such priority should be given to the action of debt. In all other cases, a party is, without dispute, allowed to imparl with his adversary during the return term. It is desirable that we should have as much equality of right as possible in the administration of justice. To give effect to want of appearance, as soon as the return term is over, and permit the plaintiff then to sign judgment in debt, would prefer that class of demands to all others. Restraining the right to judgment at the term succeeding the return term, places all judgments, by operation of law, on an equal footing. That the party may confess judgment, and thus entitle the plaintiff to sign it immediately, at any time, whether in term or vacation, is plain. For that is his act, and the court cannot restrain it. But in this case it is asked that the court should, as a legal right, give the same preference. This, unless we were compelled so to do by settled principles of *275 law, justice would say ought not to be done. Our law has so altered our practice, that we are at liberty to say the same consequence of default does not attach here as in England. The motion is dismissed.
Richardson, Butler and Wardlaw, JJ. concurred.
Frost, J. was not present at the argument, and gave no opinion.